UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP A. TROCCHIO, | ) |
| | ) |
| Plaintiff, | ) No: 19 CV 3923 |
| | ) |
| vs. | ) |
| | ) JURY DEMAND |
| JETRO HOLDINGS LLC. d/b/a RESTAURANT DEPOT, | ) |
| | ) |
| Defendant. | ) |

**AS AND FOR A FIRST CAUSE OF ACTION**
**(DISCRIMINATION UNDER THE AMERICANS WITH DIJETROBILITIES ACT)**

**NATURE OF ACTION**

1.  This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990 and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of disability (handicap) and to make whole **PHILLIP A. TROCCHIO** ("TROCCHIO"). Defendant, **JETRO HOLDINGS LLC. d/b/a RESTAURANT DEPOT** ("JETRO") discriminated against TROCCHIO, a qualified individual with a handicap, because of his disability

**JURISDICTION AND VENUE**

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3). The employment practices

hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

4. TROCCHIO is an adult male with a disability and is a resident of the Bloomingdale, County of DuPage, Illinois and having been employed in Illinois at all relevant times.

5. At all times relevant, JETRO, has been and is foreign corporation, doing business in the State of Illinois and other surrounding States, and has continuously had and now have more than five hundred (500) employees.

6. At all times material herein and hereinafter mentioned JETRO has engaged in and employed its employees in commerce and in the production of goods and services for commerce between points in many states. JETRO was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADA.

7. JETRO Corporation is an employer within the meaning of the ADA.

## STATEMENT OF CLAIMS

8. TROCCHIO was an employee of JETRO and believes that he was treated differently based upon his disability.

9. Despite JETRO listing itself as an equal employment company and having a policy against discrimination to the disabled, JETRO intentionally discriminated against TROCCHIO by subjecting TROCCHIO to different terms and conditions of employment because of his handicap an denying him accommodations. This discrimination and lack of accommodations, because of his handicap or disability, violates his rights under the American Disability Act.

10. TROCCHIO has a disability (handicap) in that he suffers from Diabetes, Heart Disease and Lymphoma, with the need for restrictive accommodations, in that, he has a record of, or is regarded as having a impairment that substantially limits one or more of her major life activities.

11. JETRO's acts and omissions to act violate applicable provisions of the American Disability Act.

12. The discriminatory action of JETRO as set forth above has caused TROCCHIO to be harmed in that TROCCHIO has suffered in his position, his work environment had become impaired.

13. As a further proximate result of JETRO's unlawful and intentional discriminatory actions against TROCCHIO, as alleged above, TROCCHIO has been harmed in that TROCCHIO has suffered lost income, emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, TROCCHIO has suffered such damages in an amount according to proof.

14. TROCCHIO has no adequate remedy at law to secure relief. If this court does not enter an order for to reinstate and accommodate him, TROCCHIO will be irreparably injured.

15. TROCCHIO filed a discrimination charge against JETRO with the Equal Employment Opportunity Commission (Exhibit "A") and thereafter was sent a "Right to Sue letter" which is dated March 15, 2019, (See Exhibit "B"). This charge has been timely filed with the Northern District of Illinois.

## AS AND FOR A SECOND CAUSE OF ACTION
## (ADA-RETALIATION)

16. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3).

17. TROCCHIO realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

18. JETRO has intentionally retaliated against TROCCHIO, based upon TROCCHIO's requests for accommodations with JETRO's human resources. Wherein, Defendant's agents created a hostile work environment for him and terminated him on February 14, 2018.

19. By reason of the retaliation of JETRO, TROCCHIO has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

20. Further, said action on the part of the JETRO was done with malice and reckless disregard for TROCCHIO'S protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Injunctive relief, including, but not limited to reinstatement and whatever is required to make him whole again;

2. Damages, including loss of pay and benefits;

3. Attorneys' fees and costs incurred in this action

4. Such other relief as is just and equitable.

4

5. The plaintiff requests a jury trial of this action.

                              PHILLIP A. TROCCHIO

                              BY:**/s/ Michael T. Smith**
                                    Michael T. Smith

Michael T. Smith #6180407IL
10 Martingale Road/Suite 400
Schaumburg, Illinois 60173
(847) 466-1099